Oscar OCHOA–AMAYA, Petitioner,

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 04–76747.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Simon Salinas, Esq., Tustin, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald .E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Jennifer Levings, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Oscar Ochoa–Amaya, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") deportation order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006), and review de novo questions of law, *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir.2008). We dismiss in part and deny in part the petition for review.

■ The IJ did not err in concluding that Ochoa–Amaya was ineligible for both special-rule cancellation of removal under section 203 of the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA") and suspension of deportation under former 8 U.S.C. § 1254. *See Ortiz v. INS*, 179 F.3d 1148, 1154 n. 7 (9th Cir.1999) (stating that relief under NACARA is available only to those who have not been convicted of an aggravated felo-

ny); *Ram v. INS*, 243 F.3d 510, 518 (9th Cir.2001) (under the stop-time rule, an alien's period of continuous physical presence ends upon the service of a order to show cause). We lack jurisdiction to review the IJ's determination that Ochoa–Amaya's 1981 conviction constitutes an aggravated felony for purposes of NACARA § 203 because Ochoa–Amaya failed to exhaust this contention before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004).

■ We reject Ochoa–Amaya's contentions regarding his allegedly defective criminal conviction, as we cannot collaterally revisit the circumstances of the conviction. *See Ortega de Robles v. INS*, 58 F.3d 1355, 1358 (9th Cir.1995).

Substantial evidence supports the IJ's denial of asylum on the grounds that the single incident of physical harm Ochoa–Amaya experienced did not rise to the level of past persecution and Ochoa–Amaya failed to demonstrate that his fear of returning to El Salvador is objectively reasonable. *See Gu v. Gonzales*, 454 F.3d 1014, 1020–22 (9th Cir.2006).

Because Ochoa–Amaya did not establish eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995).

Finally, substantial evidence supports the IJ's denial of CAT relief because Ochoa–Amaya failed to establish that it is more likely than not he would be tortured if returned to El Salvador. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Ochoa–Amaya's remaining contentions lack merit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**